Good morning, your honors. It pleases the court, Lawrence Fulber on behalf of Dr. Ronald Delameter in our appeal of the granting of summary judgment against Mr. Delameter in both his age discrimination and related religious and retaliation discrimination claims. We believe that the district court misapplied both the law and ignored significant facts that would warrant a circumstantial evidence showing discrimination here. The most important thing I would like to start with is the misapplied legal standard that was used in the age discrimination case. Although the district court has pro forma suggested that it was using an analysis both under the McDonnell-Douglas and under the mixed motive method, it is clear that he only applied the McDonnell-Douglas burden shifting framework and not the mixed motive. And it is clear that the appropriate framework analysis to have used would have been the mixed motive analysis. There was great reliance on the Supreme Court gross decision, which is a private sector decision. It is not a decision relating to a public employee, which is a different standard that is used. Counsel, my memory of the district court opinion is that it said it doesn't have to resolve that question because the claim fails under both standards. And as I said in my story, we believe that he ignored significant amount of circumstantial evidence. That's a different argument. Are you saying here that despite the district court saying even if I were to apply the mixed motive standard, the case still fails? It is correct that we believe that the district court did not apply the mixed motive standard at all, even though he said he did. But he said he did. I know that he said he did, but when you read the actual analysis, it was clear that he placed the rebuttal solely on the but-for analysis and not that it would have been a... Okay. And then you have a separate argument that he ignored certain evidence. That is correct, Your Honor. On summary judgment. What do you say he ignored? All right. The most significant one was there was a tremendous amount of allegations relating to appointments to committees that was done to younger individuals. The committees were not open to the general population of the VA to apply for. Okay. So that even if a neutral process was used as to the promotion, somehow the fact that younger people are appointed to committees is relevant? Yes, Your Honor. Why? And the reason why it's relevant is because that gives them a leg up in being able to then, when they apply for a promotion, to be able to have the knowledge of the people on the committee to know that they are chair people and on these important committees. And the appointments, having been done by Dr. Weaver, the supervisor of the whole program, it automatically prejudices the older individuals who are not appointed to these committees to be able to rely on that experience to show that. In addition, Your Honor, if that was the only issue, it would be more difficult. But there is a mosaic of these inferences. Another inference is that on the panel itself, they were not considering resumes or the experience of the individuals. That was not one of the individuals said they don't remember even receiving the resumes of the applicants. And therefore, the older individuals who have a more developed resume, and especially Dr. Delameter here, who had 25 years of experience over the person who was chosen. Is this your argument that he's so obviously superior on his resume that you rejecting him necessarily means you do make that argument? Yes. Yes, we do, Your Honor. And we believe it is true at least enough to get to a jury for the fact finder then to weigh whether or not that is a sufficient reason to believe that unlawful age discrimination was being conducted here. Well, in order to do that, in effect, you've got to say that it is plausible to say that there was evidence to say here that the very fact that they chose this method of examination in the interviews, i.e., I guess, what would you do in this situation, as opposed to what is your career path been, that that in itself is evidence of age discrimination. Is that your position? It can be, Your Honor. It is our position that in this instance it does do that. But in all the other cases, and I apologize, Your Honor, but in all the other cases that have been cited, there has been a combination of questions. Although they are always the same questions asked of all applicants, there has always been questions that indicate whether or not what the person's past history is. Here there was none. It was only hypotheticals. There was not resumes given so that the person's experience could be there. And especially here where the difference in their strengths of their prior commitment and their prior relevance here is substantial. Dr. Delameter had 25 years of experience at the VA and as a psychologist. Dr. Rivera, who got the job, had only been at the VA four years. We're talking a substantial difference, which didn't get raised. But you think questions about how you would handle situations A, B, and C do not call on a candidate's experience? They can, Your Honor. It depends on whether they address the specifics and the full breadth of the person. I don't understand that answer. Isn't the important thing is that those questions are age neutral? They can be. If they are age neutral, there's not a shred of evidence in this record that those questions weren't age neutral. What you're really complaining about is you want them to look at some other criteria rather than the criteria that they chose. The issue, Your Honor, is whether or not the criteria that they chose inherently is going to be not age neutral and is going to be detrimental to older applicants. Well, if it's detrimental, I would think they'd have some advantage. You do. The issue, Your Honor, is if you're allowed to present all the evidence, and again, when you take it in the totality of all the different issues that were brought, the lack of being able to bring up that they're on committees because the committees are being reserved only for the younger individuals on it, the fact that the resumes were not included, therefore you could not see the breadth of their historical, you know, work. But doesn't that argument actually go against you? Because if the younger people were getting preference for committee assignments and the resumes showing the committee assignments are excluded from consideration, then, in fact, it is the younger people who are being hurt, not the older ones. Not really, Your Honor, and the reason for that is the individuals on the panel are going to be aware of the person who is actually doing the committees at this time as that's who they are interacting with regarding committees. Dr. Dalgader being excluded from the committees, they would not have a first-hand personal knowledge as to what committee he was on since he was being excluded from them by the age discrimination by Dr. Weaver. So that the first-hand knowledge, what he has historically been involved in, they would not necessarily know from first-hand knowledge unless the questions allowed him to address that. So that the problem that we have here is that all of it is steering the applicants. On top of it, we have who was on the panel itself, which was all newer people to the VA. One of them had only been in a supervisory position for 18 days before he was appointed. Another one had been in the VA only for less than one year. Admiral Friedman, the third person, had only been in the VA for a few years. What's wrong with that? How is that evidence of age discrimination? Again, if you're not allowing to bring up the resumes, they would not have the knowledge of the full breadth of Dr. Dalgader's previous work history to be able to rely on and understand what he has brought. I have Justice Souter's view of that. That tended to help your client. You're making arguments against your client's interest. I don't believe I am, Your Honor. I believe that it is showing that there is, when you put all these pieces together, that there is enough indicia that there is an attempt at steering, which is a motivating factor of trying to keep older people from getting these jobs. And that's the issue that should go to a jury. We're not suggesting that automatically we win. We're suggesting that we have at least enough evidence that a jury should determine whether or not this is proper. Thank you, counsel. Thank you. Ms. Goodwin. Good morning, Your Honors. May it please the Court, Karen Goodwin for the defendant, Robert McDonald. None of the things that the plaintiff has raised as evidence of age discrimination have anything to do with age. The focus, it appears, is on the issue of qualifications, as Justice Souter pointed out. And if you look at the questions, they all ask the applicants to draw on their experience, talk about something that you did. So whether a resume is considered or not is really not the point. The unbiased interview process allowed the applicants to show, demonstrate to the committee that they would be a good supervisor. Were there written applications for these positions? There were not written applications, no. It was a letter of interest and a resume, which I believe were submitted to the panel. But every single point that the plaintiff raises as being something that favored younger people just has no relevance. This is not a battle in deciding who was the best supervisor, how many committees the person sat on. And I also would point out that the allegation that young people were served disproportionately on committees is just not borne out by the facts. If you look at the information in the appendix, the breakdown for committee assignments was people born before 1950, there were 13. People born between 50 and 59, 20. 60 to 69, 11. 70 to 80, 10, the numbers being committee assignments based on the government's responses. So it's not right. It's not true. It's not supported by the record. What about the decision to let two candidates apply late and include them in the pool? I do not see any connection to age discrimination. Actually, one of the candidates was an older individual, someone in his low 50s. It adds to the competition for everybody, not for Dr. Delameter any more than for the younger people who were applying for the job. So there's, again, no connection to the age. What do you understand the religious discrimination claim to be? What I understand it to be is that Dr. Delameter wanted to take time off to observe the Jewish holidays and asked to earn compensatory time, working extra hours in order to make up for that leave. That request was granted. 11 of those hours, I don't believe Dr. Delameter has any problem with how the agency handled it. They allowed him to stay late to catch up on paperwork. But it came to the point that his supervisor said, well, you're caught up on your paperwork. You can still earn your compensatory time, but we have these examinations that need to be done for five hours of your time. So that's the first one, that he was being, if he wanted to earn compensatory time, he had to do an examination or two for five hours. And our response to that is that's certainly not a material adverse action, even if you're applying a looser definition of what is a materially adverse action in the context of retaliation as opposed to religious discrimination. Well, the district court makes an alternative finding that he was, in fact, accommodated as to his religious belief. He was, Your Honor, yes. And that's part of what I meant to say was that he was accommodated. He was allowed to earn compensatory time. And a plaintiff or an individual is not entitled to, the law is pretty clear, an accommodation of his or her choosing. If it's reasonable, then the employer has met its burden. The second part of the religious discrimination claim has to do with the scheduling of an intern party on a date that coincided with a religious holiday. First, not a material adverse action. Second, if the plaintiff was upset about that and felt that it should be accommodated, he could have just said, could you please put it on another date? Rather, he waited five days after being notified of the date and simply said, I'm sorry, I won't be able to attend. So there is case law that not being invited to, having something scheduled on a religious holiday is not a materially adverse action. There's no suggestion that this was some crucial thing that Dr. Delameter's career would rise or fall on, attending this welcome party for the student interns. Okay. Anything else? No, Your Honor. Thank you. Thank you. Thank you both.